The judgment of the court was pronounced by
Eustis, C. J.
A judgment was rendered in March, 1848, by this court in a suit of the plaintiff against his tutor, L. F. Maxent, by which he recovered a certain sum of money, resulting from the mal-administration of the latter. A portion of .this s.um was represented by a certain promissory note of John Davenport, which the tutor had received during the minority of the plaintiff, and it Was agreed between the parties, that the plaintiff should take this note in part satisfaction of the judgment. Au agreement to that effect was accordingly made part of the judgment. Courmes v. Maxent, 3d Ann. 336. The plaintiff accordingly received the note from his former .tutor, Maxent, and has instituted this action against Antoine Cavelier, the endorser, in favor of whom the note is drawn.
The note bears date East Baton Rouge, May 18th, 1836, and is payable one year after date. It is alleged in the petition, that the note was received by Maxent as the tutor of the plaintiff, and administrator of the succession of his *277 grandmother, having been given as part of the price of a tract of land belonging to said succession. Cavelier is sued, not as endorser on the note, but as being bound for the price of the land, he having in fact purchased it under the name of Davenport. Conceding that Cavelier was bound originally for the purchase money, the district judge thought that he ceased to be bound in consequence of an eviction from the land by virtue of a judgment of the Circuit Court of the United States, by which it was determined that the land belonged to the heirs of Fletcher, and a writ of possession by which they were put in possession. Judgment was accordingly entered in favor of the defendant, and the plaintiff has appealed.
The plaintiff was one of the heirs of his grandmother, and the land having formed a part of her succession, it is obvious that, as he claims through them, he is bound to warrant the title; and on an eviction of the purchaser, from a cause which existed at the time of the sale, he cannot recover'the price.
The judgment under which the eviction was effected was rendered against the heirs of Davenport, who were in possession of the land; and it does not appear that the ownership of .Cavelier was recognised by them. On the contrary, a suit was instituted by him for the purpose of enforcing his rights to the land as a co-proprietor in interest against the said heirs, who denied them; and said suit is still pending.
The eviction was for the interest of the heirs of Fletcher in the land, being for three fourths thereof. The third of the whole tract, nearly twenty acres front, was purchased by Davenport from the succession of Mrs. M'axent. The third of a fourth interest in the land has consequently not been affected by the judgment of the heirs of Fletcher. Although we think that the district judge decided correctly in considering that the eviction relieved the purchaser from the obligation to pay the price, still there is an interest not covered by the eviction. The counsel for the plaintiff has not considered it material to press that point; and we are not under the necessity of examining its effect in the present action, in consequence of the conclusion to which we have came on another branch of the case.
The defendant answered several interrogatories under oath, which puts us in possession of the facts. Davenport was in partnership with the defendant, and bought the land on partnership account, giving the notes for the price of the purchase.
The act of sale to Davenport is not in evidence; and there is no evidence of the interest of Cavelier in the land, except his own answers. This interest we have seen the heirs of Davenport repudiate. There is no obligation on the part of Cavelier to the holder of the note, who has succeeded to the rights of the succession of Maxent in its amount, except that which results from the note itself, as binding the partnership, which was given in payment of the land by Davenport.
We think the action on the note is prescribed by five years, under the article 3505 of the Code. Succession of Guillemin, 2d Ann. 634.
The judgment of the district court is therefore affirmed, with costs.